# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEALTH ROBOTICS, LLC, *et al.*, | ) |
| Plaintiffs, | ) |
| | )  2:10-cv-00018-RLH-LRL |
| v. | ) |
| | )  **O R D E R** |
| JOHN A. BENNETT, *et al.*, | ) |
| Defendants. | ) |

Before the court is the Supplemental Memorandum of Points and Authorities of Non-Parties Health Robotics, S.r.l. ("HRSRL"), Werner Rainer, Paolo Giribona, and Fabio Fioravanti (the "HR Group") in Support of Their Motion for Sanctions (#23), filed pursuant to the court's February 24, 2010 Order (#22) requiring defendant to pay the reasonable expenses, including attorney's fees and costs, incurred in bringing the Motion to Quash (#10). The court has considered the Supplemental Memorandum of Points and Authorities (#23) and defendant's Opposition (#26). No reply was filed.

The HR Group has not met its burden of establishing the amount of attorneys' fees to which it may be *reasonably* entitled. First, its original Motion (#2) presented a variety of unnecessary arguments, which included complex issues of international law. The sole basis of the court's order quashing the subpoenas was Fed. R. Civ. P. 45(c)(3)(B)(iii), which permits the quashing of a subpoena that requires a nonparty to travel more than 100 miles to attend the deposition. In a twenty-seven page motion, the HR Group devoted all of eleven (11) lines to this argument, citing to Rule 45 and one case as support. This was the argument that carried the day, and was all that was required. Nevertheless, the HR Group makes a stunning request for attorneys' fees: $67,546.25, representing an alleged 249.60 hours spent preparing the Motion to Quash (#2) and Reply (#21). Work on the relatively voluminous

Motion (#2) and Reply (#21) was billed as follows: Wendy Beetlestone, 27.4 at $450/hour; Sozi P. Tulante, 49.3 hours at $340/hour; Andrew Sedlock, 7.25 hours at $315/hour; John Stinson, 157.0 hours at $210/hour; and Kimberly Tinker, 15.9 hours at $185/hour.  Bettlestone Aff., Exh B to Supp. Memo. (#23) at 2; Sedlock Aff., Exh. C to Supp. Memo. (#23) at 1.  Movants further claim costs in the amount of $564.00 for filing fees in this court, *see* Exh. C to Supp. Memo. (#23), and $3,307.77 for legal research, as itemized in Exhibit E to Supp. Memo. (#23).

Not surprisingly, defendant "is perplexed as to how counsel could have possibly spent such an exorbitant amount of time – which amounts to 32 eight-hour days – preparing a run-of-the-mill motion to quash under Rule 45 of the Federal Rules of Civil Procedure. . . ." Opp'n (#26) at 5.  The court is equally perplexed.  Neither the Motion to Quash (#2) nor the Reply (#21) necessarily involved novel or difficult issues of law that might otherwise justify such fees.

More fundamentally, however, is defendant's allegation that the Motion to Quash, for which the HR Group now seeks many thousands of dollars in fees, was "duplicative of prior filings." Response (#26) at 7.  Defendants allege and document that many of the HR Group's arguments were recycled from "materials previously submitted by HRSRL in the Eastern District [of Pennsylvania] and in the Third Circuit." *Id.* "In fact," according to defendant, "the Motion to Quash is the **last in a line of ten separate filings** HRSRL has submitted on these issues.  In each of these previous filings, HRSRL raised and re-raised substantially all of the issues and legal positions – including citing to the same series of cases . . . ." *Id.* at 3 (emphasis in original).  The HR Group did not respond to defendant's allegations; it did not file a Reply to defendant's Response.  It has not denied that its Motion to Quash essentially recycled the arguments and research set forth in previous filings during the course of this litigation. Shockingly, the HR Group asks this court to order defendant to pay the HR Group not only the sum of $67,546.25 for the time it allegedly spent researching and drafting *this* Motion (#2) and *this* Reply (#21), but an additional $3,307.77 for the legal research it allegedly undertook to present *this* motion and reply. The court is deeply troubled by the deceitful nature of such a request.

. . .

2

1  IT IS THEREFORE ORDERED that to the extent this court's order (#22) required defendants
2  to pay the attorneys' fees and costs incurred by the HR Group in making the Motion to Quash and for
3  Sanctions (#2), it is vacated and set aside.
4  IT IS FURTHER ORDERED that the HR Group's request for attorneys' fees and costs is denied.
5  DATED this 18th day of June, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**